**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Cleveland Integrity Services, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | None |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 7 – 4 2 1 9 2 5 8 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 370690 E Old Highway 64 | |
| Number     Street | Number     Street |
| | P.O. Box |
| Cleveland          OK   74020 | |
| City          State   ZIP Code | City          State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Pawnee | |
| County | Number     Street |
| | |
| | City          State   ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.clevelandintegrity.com |

Debtor  <u>Cleveland Integrity Services, Inc.</u>                    Case number *(if known)*_____
          Name

| | |
|---|---|
| **6.  Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7.  Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ■ None of the above |
| | |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | <u>2</u>  <u>1</u>  <u>3</u>  <u>1</u> |

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ■ Chapter 11. *Check **all** that apply:* |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor  Cleveland Integrity Services, Inc.                    Case number (if known) _____
_____
        Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY

         District _____  When _____  Case number _____
                                         MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  CIS Treasury, LLC                    Relationship  Affiliate
                _____                          _____

         District  Southern District of Texas         When
                   _____                 _____
                                                             MM  /  DD  / YYYY

         Case number, if known  _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number          Street

                          _____

                          _____     _____
                          City                                State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

**Statistical and administrative information**

---

Debtor    Cleveland Integrity Services, Inc.                                    Case number (if known)_____
          Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☑ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    01/29/2023
               MM  / DD / YYYY

✗ /s/ Matt Kesner                                    Matt Kesner
Signature of authorized representative of debtor     Printed name

Title    President & COO

---

Debtor   Cleveland Integrity Services, Inc.
_____
Name

Case number (if known)_____

---

**18. Signature of attorney**

✖ /s/ Aaron M. Kaufman

Signature of attorney for debtor

Date   01/29/2023

MM  / DD / YYYY

Aaron M. Kaufman
_____
Printed name

Gray Reed
_____
Firm name

1601        Elm Street, Suite 4600
_____
Number        Street

Dallas                                    TX        75201
_____
City                                      State      ZIP Code

(469) 320-6050                            akaufman@grayreed.com
_____
Contact phone                             Email address

24060067                                  TX
_____
Bar number                                State

DocuSign Envelope ID: 853B8241-35DE-4E1C-A4A1-FA7A0EBEE023

## ACTION BY WRITTEN CONSENT OF
## THE REQUISITE GROUP OF EACH OF THE COMPANIES

### January 27, 2023

Each of (A) Dennis Woods, Randy Byers and Patrick Bartels, who constitute the entire Board of Directors of each of Cleveland Integrity Services, Inc. ("Cleveland Integrity"), and (B) Cleveland Integrity, the sole member of CIS Treasury, LLC ("CIS Treasury" and, together with Cleveland Integrity, the "Companies", each a "Company") and Patrick Bartels, the Class G Manager of CIS Treasury, constitute all of the directors or applicable representatives (each of clauses (A) through (B), a "Requisite Group") of each Company required by applicable law and the applicable Company's organizational documents (the "Applicable Requirements") to act for such Company, in accordance with the authority contained in the Applicable Requirements, waiving all notice, does hereby consent to and adopt the resolutions set forth on Exhibit A attached hereto and authorizes the taking of actions specified therein without a meeting, by written consent (this "Consent") by the Company, and all such authorizations of actions by any Company hereunder shall include actions taken by such Company on behalf of itself and (if applicable) as a shareholder, member, managing member, manager, general partner, beneficiary, other controlling or significant interest owner, or other type of representative whether similar to, or different from, the foregoing with the power, alone or together with other such representatives, to take action on behalf of, or to bind, another person.

This Consent may be executed in counterparts and all so executed shall constitute one Consent, notwithstanding that not all representatives of each Requisite Group are signatories to the original or the same counterpart.

[*Signature pages follow*]

IN WITNESS WHEREOF, the undersigned, constituting the entire Board of Directors of Cleveland Integrity Services, Inc., have duly executed this Consent as of the date first written above.

_____
Name: Randy Byers
Title:  Director

_____
Name: Dennis Woods
Title:  Director

_____
Name: Patrick Bartels
Title:  Director

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned, being the sole member of CIS TREASURY, LLC, has duly executed this Consent as of the date first written above.

CLEVELAND INTEGRITY SERVICES, INC., an Oklahoma corporation

By: _____

*Louis Berezovsky*
814C2BEFAB52453...

Name: Louis Berezovsky
Title:   Chief Financial Officer

[Signature Page to Omnibus Consent]

Exhibit A

*Overview*

WHEREAS, the Requisite Group has reviewed and considered the presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

WHEREAS, the Requisite Group has had the opportunity to consult with the management and the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Requisite Group has reviewed and considered presentations by the management and the financial and legal advisors of the Company regarding that certain restructuring support agreement (the "RSA"), the recommendation by the management of the Company that the Company enter into the RSA, and the advantages and disadvantages to the Company of pursuing a transaction (the "Transaction") through which the Company's assets may be sold as a going concern under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, after careful consideration, the Requisite Group determined that the Company's entry into the RSA and pursuit of the Transaction under the Bankruptcy Code are advisable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest;

WHEREAS, after careful consideration the Requisite Group has determined that the pursuit of the Transaction consistent with the RSA is advisable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest;

WHEREAS, the Company has negotiated and documented the pleadings, agreements, and other documents necessary to commence voluntary proceedings (under the Bankruptcy Code) on the terms set forth in the RSA; and

WHEREAS, the Requisite Group had the opportunity to review the RSA, the Transaction documents, and other documents necessary to perform under the RSA, consult with the management and the financial and legal advisors of the Company, and to fully consider each of the strategic alternatives available to the Company.

*Entry into RSA*

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Requisite Group, it is desirable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest to ratify entry into the RSA and that the Company's performance of its obligations under the RSA be, and hereby is, in all respects, ratified, authorized, and approved; and further

RESOLVED, that any of the Chief Executive Officer, President, Chief Operating Officer, Chief Financial Officer, Vice President, Chief Legal Officer, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or

A-1

more other Authorized Signatories, with power of delegation, be, and they hereby are, authorized, empowered, and directed to pursue any and all transactions consistent with the RSA; and further

### *Chapter 11 Filing*

RESOLVED, that in the judgment of the Requisite Group, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code in the bankruptcy court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and further

RESOLVED, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and further

### *Retention of Professionals*

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Gray Reed & McGraw LLP ("Gray Reed") as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Gray Reed; and further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Piper Sandler & Co. ("Piper Sandler"), as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Piper Sandler; and further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm MACCO Restructuring Group, LLC ("MACCO"), as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of MACCO; and further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Donlin, Recano & Company, Inc. ("DRC"), as notice

DocuSign Envelope ID: 852B8241-35DE-45AC-A4A1-FA7A0EBEE022

and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DRC; and further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case; and further

### Cash Collateral and Debtor-In-Possession Financing

RESOLVED, that the Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition lenders (collectively, the "Prepetition Lenders") party to that certain credit agreement, dated as of September 8, 2016, as amended, amended and restated, restated, supplemented, modified or otherwise in effect prior to the date hereof, the "Term Loan Credit Agreement"), among the Borrower (as defined in the Term Loan Credit Agreement), Parent (as defined in the Term Loan Credit Agreement), the guarantors party thereto from time to time, Owl Rock Capital Corporation, as administrative agent and collateral agent, and each lender from time to time party thereto, and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain Senior Secured Super Priority Priming Debtor In Possession Credit Agreement (the "DIP Credit Agreement"), to be dated on or about January 29, 2023 (the "DIP Financing"); and further

RESOLVED, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, and in accordance with sections 363 and 364 of the Bankruptcy Code, the Company may provide certain liens, claims, and adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations"), as documented in proposed interim and final form orders (the "DIP Orders") and each submitted for approval to the Bankruptcy Court; and further

RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement be, and hereby are, in all respects approved; and further

RESOLVED, that the form, terms, and provisions of the DIP Orders to which the Company are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Company be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute,

deliver, perform, and cause the performance of, the DIP Orders and the DIP Credit Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders and the DIP Term Sheet, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Requisite Group, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and further

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations; and further

RESOLVED, that the Authorized Signatories of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent"); and (c) such forms of account control agreements, lockbox agreements, landlord agreements, collateral access agreements, warehouse waivers, other agreements with third parties relating to the Collateral (as defined in the Loan Agreement), officer's certificates, and compliance certificates as may be required by the DIP Documents (clauses (a) through (c) of this paragraph, collectively, the "DIP Financing Documents"); and further

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders; and further

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in

accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and further

**_Stalking Horse APA_**

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take steps to negotiate, execute and consummate a Transaction consistent with the RSA pursuant to a Stalking Horse Asset Purchase Agreement ("APA") with an affiliate of the Company's Prepetition Lenders or their designee(s) (the "Proposed Purchaser"), subject to higher and better offers pursuant to bidding procedures (the "Bidding Procedures") to be approved by the Bankruptcy Court, consistent with the RSA and the deadlines set forth under the DIP Financing Documents; and further

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to obtain approval of the Bidding Procedures on an expedited basis: (i) designating the Proposed Purchaser as the stalking horse bidder (the "Stalking Horse Bidder"), (ii) establishing qualifications to determine whether prospective bidders are qualified bidders ("Qualified Bidders" or each a "Qualified Bidder"), (iii) establishing a deadline for Qualified Bidders to submit higher and better offers ("Qualified Bids" or each a "Qualified Bid"), (iv) scheduling an auction (the "Auction") to determine the highest and best offer (the "Successful Bid") from Qualified Bidders (such bidder being the "Successful Bidder"), and (v) scheduling a final hearing in the Bankruptcy Court to obtain approval of the Successful Bid from the Successful Bidder; and further

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such Authorized Person or such other officer, employee or agent of the Company deems appropriate or advisable to advance the Successful Bid and resulting Transaction, or to cause the negotiation, execution and delivery thereof in such form and substance as such Authorized Persons, officers, employees or agents may approve, together with such changes and amendments to any of the terms and conditions thereof as such person may approve, with the execution and delivery thereof on behalf of the Company, by or at the direction of such Authorized Persons, officers, employees or agents to constitute evidence of such approval; and further

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such Authorized Persons, officers, employees or agents deem appropriate or advisable in connection therewith to effectuate the Transaction resulting from the Bidding Procedures and approved by the Bankruptcy Court, and; and further

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company

DocuSign Envelope ID: 852B8241-359E-4EAC-A4A1-EA7A0EBEE022

to do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and; and further

*General Resolutions*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and further

RESOLVED, that the Requisite Group has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Requisite Group; and further

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and further

RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories, or any officer of the Company acting at their direction, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and further

RESOLVED, that any officer of the Company, is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such officer, a true copy of the foregoing resolutions.

**Fill in this information to identify the case:**

Debtors name | **Cleveland Integrity Services, Inc. and CIS Treasury, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number (if known): _____

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
### 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| American Arbitration Association 13727 Noel Road Suite 700 Dallas, TX 75240 | | | **Contingent Unliquidated** | | | **Unknown** |
| Andrew Ramirez David Harris and David Bright Sico Hoelscher Harris 802 N Carancahua St Suite 900 Corpus Christi, TX 78401 | dharris@shhlaw.com; dbright@shhlaw.com (877) 631-9965 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Apolonio Perez c/o Paul Robert Hornung Domingo Garcia Law Office 1111 W Mockingbird Lane Suite 1200 Dallas, TX 75247 | dallasoffice@dgley.com (214) 296-9545 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Dana Howard Stephen Kherkher and Kevin Haynes Kherkher Garcia LLP 2925 Richmond Ave Suite 1560 Houston, TX 77098 | khaynes@kherkhergarcia.com; skherkher@kherkhergarcia.com (713) 581-6684 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |

Debtors  **Cleveland Integrity Services, Inc. and**
       **CIS Treasury, LLC**

      Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Daniel Maher<br>Robert M. Doig<br>Law Firm of Robert Doig, LLC<br>1400 Providence Road Suite 3020<br>Media, PA 19063 | doig.rm@verizon.net<br>(610) 565-9565 | Personal Injuries Litigation | Contingent<br>Unliquidated<br>Disputed | | | Unknown |
| Daron Robinson<br>Steve T Hastings<br>The Hastings Law Firm<br>101 N Shoreline Blvd Suite 604<br>Corpus Christi, TX 78401 | steveh@hastingslawfirm.net<br>(361) 692-2000 | Personal Injuries Litigation | Contingent<br>Unliquidated<br>Disputed | | | Unknown |
| Debra Miller<br>David A Eberly<br>Eberly McMahon Copetas<br>2445 Gilbert Ave Suite 101<br>Cincinnati, OH 45206 | deberly@mclawyers.com<br>(513) 533-1151 | Wrongful Termination Litigation | Contingent<br>Unliquidated<br>Disputed | | | Unknown |
| Donald North<br>Robert M. Doig<br>Law Firm of Robert Doig, LLC<br>1400 Providence Road  Suite 3020<br>Media, PA 19063 | doig.rm@verizon.net<br>(610) 565-9565 | Personal Injuries Litigation | Contingent<br>Unliquidated<br>Disputed | | | Unknown |
| Edward Howard<br>David Harris and David Bright<br>Sico Hoelscher Harris<br>802 N Carancahua St Suite 900<br>Corpus Christi, TX 78401 | dharris@shhlaw.com;<br>dbright@shhlaw.com<br>(877) 631-9965 | Personal Injuries Litigation | Contingent<br>Unliquidated<br>Disputed | | | Unknown |
| Estate of Jesus Juarez Quintero<br>Cory Itkin, Jason Itkin, Rick Holstein<br>Arnold & Itkin<br>6009 Memorial Drive<br>Houston, TX 77007 | citkin@arnolditkin.com;<br>jitkin@arnolditkin.com;<br>rickholstein@mac.com<br>(888) 493-1629 | Wrongful Death Litigation and Personal Injuries Litigation | Contingent<br>Unliquidated<br>Disputed | | | Unknown |

Debtors  **Cleveland Integrity Services, Inc. and**
**CIS Treasury, LLC**

Case number *(if known)*

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Estate of MacLean Maund c/o Heather Maund, Administratrix, Robert J. Fisher and Drew Rummell Edgar Snyder & Associates LLC 600 Grant Street 10th Floor Pittsburgh, PA 15219** | contactus@edgarsnyder.com (412) 844-2455 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Estate of Oscar Perez Martinez Jason P. Hoelscher Sico Hoelscher Harris LLP 802 N Carancahua St Suite 900 Corpus Christi, TX 78401** | jhoelscher@shhlaw.com; mcook@shhlaw.com (361) 653-3300 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Francisca Juarez Cory Itkin, Jason Itkin, Rick Holstein Arnold & Itkin 6009 Memorial Drive Houston, TX 77007** | citkin@arnolditkin.com; jitkin@arnolditkin.om; rickholstein@mac.com (888) 493-1629 | **Wrongful Death Litigation and Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Ismael Garcia Stephen Kherkher and Kevin Haynes Kherkher Garcia LLP 2925 Richmond Ave Suite 1560 Houston, TX 77098** | khaynes@kherkhergarcia.com; skherkher@kherkhergarcia.com (713) 581-6684 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Jessica Juarez Cory Itkin, Jason Itkin, Rick Holstein Arnold & Itkin 6009 Memorial Drive Houston, TX 77007** | citkin@arnolditkin.com; jitkin@arnolditkin.om; rickholstein@mac.com (888) 493-1629 | **Wrongful Death Litigation and Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| **Jesus Juarez Jr Cory Itkin, Jason Itkin, Rick Holstein Arnold & Itkin 6009 Memorial Drive Houston, TX 77007** | citkin@arnolditkin.com; jitkin@arnolditkin.com; rickholstein@mac.com (888) 493-1629 | **Wrongful Death Litigation and Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |

Debtors   **Cleveland Integrity Services, Inc. and**
**CIS Treasury, LLC**

Case number *(if known)*

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| John and Cindy May Robert M. Doig Law Firm of Robert Doig, LLC 1400 Providence Road Suite 3020 Media, PA 19063 | doig.rm@verizon.net (610) 565-9565 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Juan Martinez c/o Paul Robert Hornung Domingo Garcia Law Office 1111 W Mockingbird Lane Suite 1200 Dallas, TX 75247 | dallasoffice@dgley.com (214) 296-9545 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Linda Ramirez David Harris and David Bright Sico Hoelscher Harris 802 N Carancahua St Suite 900 Corpus Christi, TX 78401 | dharris@shhlaw.com; dbright@shhlaw.com (877) 631-9965 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| M.A.P., Minor Jason P. Hoelscher Sico Hoelscher Harris LLP 802 N Carancahua St Suite 900 Corpus Christi, TX 78401 | jhoelscher@shhlaw.com; mcook@shhlaw.com (361) 653-3300 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Manuel Galvan David Harris and David Bright Sico Hoelscher Harris 802 N Carancahua St Suite 900 Corpus Christi, TX 78401 | dharris@shhlaw.com; dbright@shhlaw.com (877) 631-9965 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Mari C. Mendoza Rodriguez Jason P. Hoelscher Sico Hoelscher Harris LLP 802 N Carancahua St Suite 900 Corpus Christi, TX 78401 | jhoelscher@shhlaw.com; mcook@shhlaw.com (361) 653-3300 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |

Debtors **Cleveland Integrity Services, Inc. and**
**CIS Treasury, LLC**

Case number *(if known)*

_____

_____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Martha Juarez Cory Itkin, Jason Itkin, Rick Holstein Arnold & Itkin 6009 Memorial Drive Houston, TX 77007 | citkin@arnolditkin.com; jitkin@arnolditkin.com; rickholstein@mac.com (888) 493-1629 | **Wrongful Death Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Michael Bertrand Benny Agosto Jr and Douglas D'Arche Abraham, Watkins, Nichols, Agosto 800 Commerce Street Houston, TX 77002 | bagosto@awtxlaw.com; bdill@awtxlaw.com (713) 222-7211 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Sharon Robinson Steve T Hastings and Henry Blackmon The Hastings Law Firm 101 N Shoreline Blvd Suite 604 Corpus Christi, TX 78401 | steveh@hastingslawfirm.net; henryb@hastingslawfirm.net (361) 692-2000 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | ' | | **Unknown** |
| Wayne C. Ransom and Katherine R. Ransom Andrew J. Leger, Jr. 861 Valleyview Road Pittsburgh, PA 15243 | aleger@leger-law.com (412) 281-1028 | **Personal Injuries Litigation** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Internal Revenue Service Centralized Insolvency Operation PO Box 7346 Philadelphia, PA 19101-7346 | | **Payroll Tax Audit** | **Contingent Unliquidated Disputed** | | | **Unknown** |
| Bond International Software, Inc. Bullhorn, Inc. 100 Summer St 17th FL Boston, MA 02110 | (770) 246-2300 | **Trade Payable** | | | | $4,973.41 |
| Valvco PO Box 339 Skiatook, OK 74070 | Tony Owen, President (918) 557-0702 | **Trade Payable** | | | | $2,500.00 |

Debtors  **Cleveland Integrity Services, Inc. and**
**CIS Treasury, LLC**

Case number *(if known)*

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **WPS Information Engineering D138-00000031 3100 E Arlington Ada, OK 74820** | **(800) 256-4241** | **Trade Payable** | | | | **$1,537.32** |

**Fill in this information to identify the case and this filing:**

Debtor Name  Cleveland Integrity Services, Inc.

United States Bankruptcy Court for the:  Southern    District of  TX
                                                                                            (State)

Case number (*If known*):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☑  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/29/2023          ✗  */s/ Matt Kesner*
                    MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                                             Matt Kesner
                                                             Printed name

                                                             President & COO
                                                             Position or relationship to debtor