**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CLEVELAND INTEGRITY SERVICES, INC., *et al.*, | ) | Case No. 23-90052 (CML) |
| Debtors. | ) | Jointly Administered |

**EMERGENCY MOTION BY LINDA RAMIREZ, ISMAEL GARCIA, ANDREW RAMIREZ, EDWARD HOWARD, DANA HOWARD, MANUEL GALVAN, AND DARON ROBINSON FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT PERSONAL INJURY LAWSUIT TO PROCEED IN STATE COURT**

**This is a motion for relief from the automatic stay. If you object to the granting of relief from the automatic stay, you should contact the movant immediately to try to reach an agreement. If you cannot reach an agreement, you must file a written response and send a copy to movant and you must attend the hearing.**

**The copy sent to the movant must be delivered by hand or electronic delivery if it is sent less than 7 days prior to the hearing. Unless the parties agree otherwise, the hearing may be an evidentiary hearing and the court may grant or deny relief from the stay based on the evidence presented at this hearing.**

**Emergency relief has been requested. If the court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**An emergency hearing is requested for Thursday, March 16, 2023 at 10:00 a.m., via telephone and video. The dial in number is 832-917-1510, conference room number is 590153. The video information is https://www.gotomeet.me/JudgeLopez**

Linda Ramirez, Ismael Garcia, Andrew Ramirez, Edward Howard, Dana Howard, Manuel Galvan, And Daron Robinson (collectively "**Movants**") seek relief from the automatic stay to permit a personal injury lawsuit to proceed to final judgment or settlement in state court.

### Jurisdiction

1.      This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 157, and the Standing Order of Reference.

This is a core proceeding pursuant to 157(b)(2)(G) and 11 U.S.C. §362. The Court has Constitutional power to enter a final order.

## Relief Requested

2.  Movants request stay relief for all parties and all claims in a pre-petition personal injury lawsuit involving the Debtor to proceed to final judgment or settlement in the state court in Nueces County, Texas.

## Certification of Emergency

3.  State court counsel for Movants, bankruptcy counsel for the Debtor, and bankruptcy counsel for all the other plaintiffs in the same personal injury lawsuit, the Quintero Family,[1] were engaged in ongoing discussions for some time regarding a proposed agreed stipulation lifting the stay. Multiple drafts of a proposed stipulation lifting the stay were exchanged. However, the Quintero Family unilaterally filed a motion for relief from stay on February 17, 2023 (Doc#101), seeking stay relief only for themselves,[2] which motion was <u>not</u> served on counsel for the Movants, and which counsel for the Quintero Family self-calendared for a preliminary hearing on March 16. At about that same time, communications with Movants' counsel about the proposed agreed stipulation ceased. Movants' counsel subsequently learned about the Quintero Family's motion for relief when they were served with the Debtor's response (Doc# 153) on March 9, and they reached out to the undersigned counsel, who was retained shortly

---

[1] Jesus Juarez Quintero, Jesus Juarez, Jr., Francisca Juarez, Jessica Juarez, and Martha Juarez (collectively, the "Quintero Family").

[2] See Doc # 101, at p. 12 ("WHEREFORE, the Quintero Family respectfully requests that the Court enter an order: (a) granting relief from the automatic stay to allow the Quintero Family to pursue their claims against Debtor to final judgment in the State Court Case. . . ")

Motion for Relief From Stay – Ramirez v. CIS

Page 2

thereafter and immediately contacted the involved parties about setting an emergency hearing on this motion for the same date and time as the hearing on the Quintero Family's motion that involves the same state court lawsuit.

4. As stated in the Debtor's response,

> . . . the Quintero Family is just one of many litigants in the State Court Suit where multiple plaintiffs have sued CIS and the Ramirez State Court Action Defendants, and various defendants have asserted crossclaims against certain other defendants, including CIS. . . . the relief requested by the Quintero Family appears to only relate to their claims against CIS. However, the various other plaintiffs in the State Court Suit and the Ramirez State Court Action Defendants asserting claims against the Debtors have not sought similar stay relief. Thus, granting the relief requested by the Quintero Family would result in a duplicity of litigation and potential inconsistent results. Presumably, if the Quintero Stay Motion is granted, all of the various claims, counterclaims and crossclaims could not be prosecuted in the State Court Suit other than the Quintero Family claims. At a minimum, the Court should deny entry of any stay order until all of the litigants in the State Court Suit are before the Court seeking appropriate relief.

Doc # 153, p. 7, ¶¶ 29-30. Movants agree, and so now seek stay relief on an emergency basis for themselves and also for any and all other persons involved in the State Court Lawsuit to proceed in the state court to final judgment or settlement.

**Facts Supporting Stay Relief**

5. On December 14, 2020, Linda Ramirez, Ismael Garcia, and Andrew Ramirez filed negligence and gross negligence claims against Magellan Midstream Partners, L.P. in Cause No. 2020-CCV-61660-3, styled *Linda Ramirez, Individually and as Next Friend of Ismael Garcia, et al. v. Magellan Midstream Partners, LP, et al*, in the County Court at Law No. 3 of Corpus Christi, Texas (the "Ramirez State Court Action") to recover damages allegedly arising from a fire that occurred during the cleaning of a

petroleum storage tank (the "Ramirez Accident") that resulted in alleged injuries to the plaintiffs. Edward Howard, Dana Howard, and Manuel Galvan subsequently asserted similar claims by way of amended petitions. Debtor, Cleveland Integrity Services, Inc. ("CIS") was added as a defendant to the Ramirez State Court Action on December 18, 2020.

6. On January 22, 2021, Jesus Juarez Quintero, Jesus Juarez, Jr., Francisca Juarez, Jessica Juarez, and Martha Juarez (collectively, the "Quintero Family") intervened as survival and wrongful death claimants in the Ramirez State Court Action, alleging that Jesus Juarez Quintero sustained severe injuries leading to his death from the Ramirez Accident and the Quintero Family suffered injuries and damages as a result.

7. On March 2, 2021, Daron Robinson intervened as a claimant in the Ramirez State Court Action, alleging that he sustained severe injuries from the Ramirez Accident and suffered damages as a result.

8. All the claimants identified in the three previous paragraph are collectively referred to herein as the "Ramirez State Court Action Plaintiffs."

9. On June 21, 2022, Texas Mutual intervened as a claimant in the Ramirez State Court Action, asserting a statutory right to recover the amounts of any workers' compensation benefits paid to Jesus Juarez Quintero (and/or his beneficiaries), Ismael Garcia, Manuel Galvan, Daron Robinson, and Mark Parria arising out of the Ramirez Accident.

10. Other parties to the Ramirez State Court Action are Magellan Midstream Partners, L.P. ("Magellan"), Magellan Terminals Holdings, L.P. ("MTH"), Tidal Tank,

Inc. ("Tidal"), Triton Industrial Services, L.L.C. ("TIS"), Triton Industries, L.L.C. ("Triton") and Shelton Services, Inc. as a third-party defendant ("Shelton")(collectively the "Ramirez State Court Action Defendants").

11. The Ramirez State Court Action Plaintiffs, Texas Mutual, and the Ramirez State Court Action Defendants are collectively referred to herein as the "Ramirez Litigants."

12. On January 29, 2023 (the "Petition Date"), the Debtors commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

13. The Debtors represent that they believe they have maintained, or caused to be maintained, insurance coverage potentially applicable to the type of claims asserted in the Ramirez State Court Action, and similar claims, through a series of insurance policies (individually, a "Policy" and, collectively, the "Policies"), in which one or more of the Debtors and entities other than Debtors are named insureds including, without limitation, (i) policy number 1000090154201 issued by Starr Indemnity & Liability Company ("Starr") for commercial general liability coverage (the "Primary Policy"), (ii) policy number 1000095094201 issued by Starr for excess liability coverage (the "First Excess Policy"), and (iii) policy number XSC30000259003 issued by Endurance American Insurance Company ("Endurance") for commercial excess liability coverage (the "Second Excess Policy").

14. Moreover, the Debtors have also maintained that "the Debtors' defense costs have been covered by the subject insurance policy(ies) and any deductible or SIR amounts that may be owed by the Debtors under these policies have previously been met."[3]

15. Upon the commencement of the Debtors' chapter 11 cases, the Ramirez State Court Action was stayed automatically pursuant to section 362 of the Bankruptcy Code (the "Stay").

16. All the Ramirez State Court Action Plaintiffs have now filed their motions for relief from the Stay.

17. The Debtors filed a response to the Quintero Family's motion for stay relief in which they do not oppose relief from the Stay so long as stay relief covers all parties and claims in the State Court Action, and also a second lawsuit in Pennsylvania for which the Debtors assert the claims are covered under the same Policies.

**The Automatic Stay Should Be Modified For Cause Pursuant To 11 U.S.C. § 362(D)(1)**

18. Movants request that this Court modify the automatic stay to allow the Ramirez State Court Action to proceed to final judgment or settlement in the state court.

19. The claims in the Ramirez State Court Action are all personal injury claims which this bankruptcy court cannot try. 28 U.S.C. § 157(b); *In re Schepps Food Stores, Inc.*, 169 B.R. 374, 376 (Bankr. S.D. Tex. 1994). They should be tried in the state court.

---

[3] Doc #153 at p. 2.

20. 11 U.S.C. § 362(d)(1) of the Bankruptcy Code provides that, on request of a party in interest, the Court shall grant relief from the automatic stay "for cause." *See, e.g., National Gypsum Co. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp.*, 118 F.3d 1056, 1068 n.20 (5th Cir. 1997). Such cause exists here. As the Fifth Circuit has explained, 11 U.S.C. § 362(d) does not delineate what constitutes "cause," so "reviewing courts must determine whether cause exist[s] on a case-by-case basis." *Reitnauer v. Texas Exotic Feline Found, Inc.*, 152 F.3d 341, 343 n.4 (5th Cir. 1998). In making these "case-by-case" analyses federal courts consider various equitable factors in determining whether to lift the automatic stay and allow state court actions to proceed against a debtor. Factors frequently considered in determining whether to lift the stay to allow a lawsuit to proceed with the debtor as defendant in a non-bankruptcy forum include the balancing of harm or prejudice to the debtor versus the non-debtors, trial readiness, judicial economy, involvement of state law issues, creditor's right to a jury trial, presence of third parties over which bankruptcy court lacked jurisdiction, conservation of bankruptcy court resources, and whether bankruptcy is being used to find a friendlier venue or avoid adverse rulings. *See, e.g., In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008 (Bankr. N.D. Ala. 1996); *In re Fay*, 155 B.R. 1009 (Bankr. E.D. Mo. 1993); *In re TriCare Rehabilitation Systems, Inc.*, 181 B.R. 569 (Bankr. N.D. Ala. 1994); *In re Anton*, 145 B.R. 767 (Bankr. E.D.N.Y. 1992). Additionally, it is also instructive to review cases dealing with motions to remand bankruptcy cases to a state court, and abstention cases, where bankruptcy courts have addressed on a case-by-case basis the

equitable factors used in determining whether to allow a pending state court proceeding to proceed. *See, e.g., In re A.S.M., Inc*., 110 B.R. 802 (Bankr. W.D. Tex. 1990).

21.    Virtually all of the factors support lifting the stay for the Ramirez State Court Action. All the claims in the Ramirez State Court Action are all purely matters of state law. Given this Court's lack of subject matter jurisdiction over personal injury claims, the state court is the only reasonable forum in which these dispute can be resolved.

22.    Balancing the harms also mitigates in favor of lifting the stay. The insurance company is already tendering a defense, and the Debtor has asserted that all deductibles and SIR have already been satisfied, so lifting the stay will not require the Debtor to hire or pay attorneys, or to bear trial expenses.

23.    Movants understand that, other than any recovery they may obtain from an insurer under an insurance policy, or from any indemnity claims, that the only recourse against the Debtor will be the recovery, if any, they may obtain on account of their filed proof of claim as a general unsecured creditor. Movants are not seeking stay relief to undertake any collection actions on a judgment against the Debtor or its estate.

24.    Considerations regarding judicial efficiency also merit the lifting of the automatic stay. All of the issues to be decided in the Ramirez State Court Action are based on state law and do not require the specialized knowledge of the bankruptcy court. *In re Countryside Manor, Inc.,* 188 B.R. at 491. Modification of the stay will promote judicial economy be resolving all of the claims between Plaintiffs and Defendants in a single proceeding. *Pro Football Weekly, Inc.,* 60 B.R. 824, 826. The congressional

history to 11 U.S.C. § 362 provides that, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S. Code Cong & Ad. News 5787, 5836. Here, as in Countryside Manor, "the administration of justice, convenience of the parties and judicial economy are better served by having all the claims resolved by the same court – in this instance, the state court." *In re Countryside Manor, Inc.*, 188 B.R. at 491.

25. Modification of the automatic stay to allow state court proceedings to continue has consistently been held to constitute cause supporting the modification of the stay. *See e.g., In re Cummings*, 221 B.R. 814, 818 n.5 (Bankr. N.D. Ala. 1998)(citing numerous cases). The issues in the Ramirez State Court Action involve state law, and the litigation will not require the expertise of a bankruptcy judge. *See Piombo Corp. v. Castlerock*, 781 F.2d 159 (9th Cir. 1986)(holding that congressional policy of having state law claimants have their state law claims decided in state court was a factor in modifying the stay for cause to allow state court proceeding to continue); *see also In re United States Brass Corp.*, 176 B.R. 11, 12 (Bankr. E.D. Tex. 1994). Prompt liquidation of Plaintiff's claims will expedite the administration of the bankruptcy estate and will conserve the resources of the Bankruptcy Court. *See Smith v. Tricare Rehabilitation Systems, Inc.*, 181 B.R. at 577-578.

## Conclusion

For the foregoing reasons, Movants respectfully request that this Court modify the automatic stay in accordance with 11 U.S.C. § 362 of the Bankruptcy Code so as to allow the Ramirez State Court Action to proceed to final judgment or settlement in state court on all claims and for all parties, and to grant such other and further relief as is just and proper.

> Respectfully submitted,
> */s/ Nathaniel Peter Holzer*
> Nathaniel Peter Holzer
> Texas Bar No. 00793971; SD#21503
> 4102 Ocean Drive
> Corpus Christi, TX 78411
> Telephone:  361.563.6175
> Email:  pete@npholzerlaw.com
> **ATTORNEY FOR MOVANTS**

### CERTIFICATE OF CONFERENCE

I certify that I conferred by e mail with Debtor's counsel on March 11, 2023, regarding the relief requested and was told that the Debtor was seeking an agreed order for the relief requested, but opposes an emergency hearing.

> */s/ Nathaniel Peter Holzer*
> Nathaniel Peter Holzer

### CERTIFICATE OF SERVICE

I certify that on March 13, 2023, a true and correct copy of the foregoing was served via the Court's electronic noticing system to all subscribers.

> */s/ Nathaniel Peter Holzer*
> Nathaniel Peter Holzer